IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICHARD PAYHA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CIV. ACTION NO. 18-358 |
| vs. | ) ) ) | |
| EXCELA HEALTH, | ) ) | |
| Defendant. | ) | |

## OPINION

### I. Introduction

Pending before the court in this civil rights action filed under 42 U.S.C. § 1983 is a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff Richard Payha ("Payha") in the complaint alleges that his former employer defendant Excela Health violated his constitutional rights by terminating his employment, which included the revocation of his hospital privileges, without providing him due process of law. (ECF No. 1.) Excela Health in its motion to dismiss argues, however, that Payha did not set forth factual allegations sufficient to plausibly show that it is a state actor, which is an element of a § 1983 claim. (ECF No. 7.) For the reasons set forth in this opinion, Excela Health is correct; Payha did not set forth factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence that Excela Health is a state actor. The motion to dismiss will be granted on that basis and the complaint will be dismissed without prejudice.

### II. Factual Allegations Accepted as True for the Purpose of Deciding the Motion to Dismiss

Excela Health is a non-profit corporation located in Pennsylvania. (ECF No. 1. ¶ 2.) According to Payha, "Excela Health is classified as a publicly-funded state actor[.]" (Id. ¶ 20.) In December 2010, Payha began employment with Excela Health. (Id. ¶ 5.) Payha's most recent position with Excela Health was as a general surgeon. (Id.) In December 2016, Payha began voicing concerns that were also being made by other surgeons. (Id. ¶ 6.) Payha raised those concerns with Dr. David Richards ("Richards") and Dr. Robert Rogalski ("Rogalski") the chief executive officer of Excela Health. (ECF No. 1 ¶ 7.) Payha's opinions, however, were disregarded and dismissed. (Id. ¶ 7.)

In January 2017, Payha voiced additional concerns with respect to the less experienced partners and was, once again, reprimanded for "not being a team player." (Id. ¶ 8.) On February 1, 2017, Payha was called into a meeting with Richards, Mark Zelkovic ("Zelkovic"), and Chris Bartels ("Bartels"). (Id. ¶ 9.) They discussed Payha's attitude with respect to his concerns and falsely accused him of having anger issues. (Id. ¶ 10.) Payha was informed that Rogalski wanted to terminate his employment. (ECF No. 1 ¶ 11.)

On February 3, 2017, Payha was called into another impromptu meeting during which his employment was terminated because of his alleged anger issues. (Id. ¶. 12.) When Payha asked about his due process rights, he was informed that there would be no formal disciplinary hearing or appeal process. (Id. ¶ 13.) Excela Health informed Payha that he could work there until August 2017. (Id. ¶ 14.)

In May 2017, counsel Excela Health contacted Payha with respect to an upcoming deposition. (ECF No. 1 ¶ 15.) The counsel told Payha: "If you do not cooperate with counsel in this deposition, we will not be able to cooperate with you in

the future regarding your malpractice [trial]." (Id. ¶ 16.) A few days later, Payha was told that he was no longer allowed to return to work. (Id. ¶ 17.)

### III. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.. . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id.) (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Constr, Corp., 809 F.3d 780, 876-77 (3d Cir. 2016). The court of appeals explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly, 809 F.3d at 789; Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017).

## IV. Discussion

Excela Health in its motion to dismiss argues that the complaint should be dismissed because Payha did not plausibly allege that Excela Heatlh is a state actor under § 1983. (ECF No. 7 at 3-8.) Payha responds that he "plead all facts known to him that relate to Defendant's status as a state actor[,]" and, therefore the court should deny the motion to dismiss. (ECF No. 10 at 4.) Those arguments and the applicable law are discussed below.

### A. Applicable Law

In order to bring suit under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). In other words:

> [A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law. Versarge v. Township of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir.1993).

Id. "Where the actors are not state or municipal officials, but are private individuals or associations,…[the court] must address whether their activity can nevertheless be deemed to be under color of law. The inquiry is fact-specific." Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982); Krynicky v. University of Pittsburgh, 742 F.2d 94, 97–98 (3d Cir.1984)). The court of appeals has explained:

> The color of state law analysis can be difficult, but is grounded in a basic and clear requirement, "that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West, 487 U.S. at 49, 108 S.Ct. at 2255 (quoting United States v. Classic, 313

---

[1] Section 1983 provides:

Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

> U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)). A private action is not converted into one under color of state law merely by some tenuous connection to state action. The issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). As the Supreme Court has stated: "we ask whether the State provided a mantle of authority that enhanced the power of the harm-causing individual actor." NCAA v. Tarkanian, 488 U.S. 179, 192, 109 S.Ct. 454, 462, 102 L.Ed.2d 469 (1988).

Groman, 47 F.3d at 638-39. "[R]eceipt of public funds and the performance of a function serving the public alone are not enough to make a private entity a state actor." Id. (citing Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)).

There are "'three broad tests generated by Supreme Court jurisprudence to determine whether state action exists[.]'" Borell v. Bloomsburg Univ., 870 F.3d 154, 160 (3d Cir. 2017) (quoting Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009)). Those tests are:

> "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

Id. (quoting Kach, 589 F.3d at 646). The first test is known as the "public function" test; the second test is known as the "close nexus" test; and the third test is known as the "symbiotic relationship" test. Brown v. Phillip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001).

"The requirements of the public function test are 'rigorous' and 'rarely ... satisfied.'" Schutt v. Melmark, Inc., No. CV 15-2731, 2017 WL 1477130, at *4 (E.D. Pa. Apr. 24, 2017) (quoting Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 165 (3d Cir. 2001)). "It requires the court to determine whether the defendant was performing a function that is "traditionally and exclusively" the province of the state." Schutt, 2017 WL 1477130, at *4 (quoting Leshko v. Servis, 423 F.3d 337, 343 (3d Cir. 2005)).

With respect to the "close nexus" test, one court has explained:

> Under the "close nexus" test, the inquiry is whether "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Id. (citing Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) ( "Whether...a [sufficiently] close nexus exists...depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." (citations omitted)). "[G]enerally merchants are not considered to be acting under the color of law for the purposes of 1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest." Caswell v. BJ's Wholesale Co., 5 F. Supp. 2d 312, 318 (E.D. Pa. 1998) (citation omitted).

Damico v. Harrah's Philadelphia Casino & Racetrack, No. CV 14-06091, 2016 WL 705231, at *8 (E.D. Pa. Feb. 23, 2016).

With respect to the "symbiotic relationship" test, the court must determine whether "whether the government has 'insinuated itself into a position of interdependence' with the defendant." Brown v. Philip Morris Inc., 250 F.3d 789, 803 (3d Cir. 2001) (quoting Burton v. Wilmington Parking Auth., 365 U.S. 715, 718 (1961)). "While the exact contours of this state action inquiry are difficult to delineate, the interdependence between the state and private actor must be pronounced before the law will transform the private actor into a state actor." Groman, 47 F.3d at 641. "[E]xtensive state funding is inadequate to establish a symbiotic relationship." Schutt, 2017 WL 1477130, at *6 (citing Blum v. Yaretsky, 457 U.S. 991, 1011 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Klavan v. Crozer-Chester Med. Ctr., 60 F. Supp. 2d 436, 443 (E.D. Pa. 1999); Edwards v. Lutheran Sr. Services of Dover, Inc., 603 F. Supp. 315, 321 (D. Del. 1985)).

### B. Analysis

The only allegations in the complaint with respect to Excela Health being a state actor are that Excela Health is "classified as a publicly-funded state actor." (ECF No. 1 ¶ 20). Those allegations do not satisfy any of the three tests to plausibly show that Excela Health is a state actor under § 1983. First, Payha's allegation that Excela Health is a "state actor" is disregarded because it is a legal conclusion that is not entitled to the assumption of truth. Connelly, 809 F.3d at 876. Second, the allegation that Excela health was "publicly-funded" does not raise a reasonable expectation that discovery will reveal evidence that Excela Health is a state actor under § 1983. The allegation does not plausibly show that (1) Excela Health performed traditional and exclusive function of the state; (2) the state exercised coercive power over or provided sufficient encouragement to Excela Health when it allegedly retaliated against Payha; or (3) the state and Excela Health were sufficiently interdependent upon each other. As discussed above, a defendant's receipt of state funding is not a sufficient basis on which to conclude that the defendant was a state actor; indeed, courts have held that a state's "extensive" funding to a defendant is not a sufficient basis upon which to conclude that the defendant is a state actor under § 1983. Schutt, 2017 WL 1477130, at *6; Groman, 47 F.3d at 638-39; Blum, 457 U.S. at 1010-11 (private nursing home's receipt of funds and state licensure and regulation did not convert the private nursing home into a state actor); Hodge v. Paoli Memorial Hosp., 576 F.2d 563, 563 (3d Cir. 1978) (per curiam) (affirming the district court's dismissal of a physician-plaintiff's § 1983 complaint against a private hospital because a hospital's "receipt of Hill-Burton funds, Medicare and Medicaid payments, and the usual hospital licensing provisions do not constitute state action" and make the private

hospital a state actor). Under those circumstances, Payha did not set forth factual allegations sufficient to plausibly show that Excela Health was a state actor under § 1983.

Payha argues, however, "[w]ithout the opportunity of fact discovery,…[he] plead all facts known to him that relate to…[Excela Health's] status as a state actor." (ECF No. 10 at 4.) Payha's need for fact discovery on the issue is not a proper basis upon which to deny Excela Health's motion to dismiss. A "plaintiff cannot resist a motion to dismiss a complaint by arguing…that he needs discovery to find out whether he can actually state a valid cause of action." Walker v. Elliot, Civ. Action No. 10-467, 2010 WL 4916714, at *9 (M.D. Pa. Oct. 15, 2010). "[T]he short answer to…[that argument] is that it has been frequently rebuffed by the courts." Id. Excela Health's motion to dismiss will, therefore, be granted and the complaint dismissed without prejudice. On or before August 31, 2018, Payha may file an amended complaint if he can set forth factual allegations sufficient to plausibly show that Excela Health is a state actor under § 1983. If, however, Payha does not file an amended complaint on or before August 31, 2018, the dismissal of the complaint will be with prejudice.

### V. Conclusion

The allegations in the complaint do not raise a reasonable expectation that discovery will reveal evidence that Excela Health is a state actor under § 1983. The motion to dismiss will, therefore, be granted and the complaint will be dismissed without prejudice. An appropriate order will be entered. The Clerk shall mark this case closed.

BY THE COURT,

Dated: July 30, 2018

/s/ JOY FLOWERS CONTI
JOY FLOWERS CONTI
Chief United States District Judge